IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| American Family Life Assurance Company of Columbus, | ) ) ) | C/A No.: 2:25-cv-06198-RMG |
| Plaintiff, | ) ) | **COMPLAINT** |
| | ) | **( 28 U.S.C. § 1335 INTERPLEADER)** |
| v. | ) | **(NON-JURY)** |
| | ) | |
| Charles Perry, IV, and Gregory Saphier, Special Administrator To The Estate of David R. Perry, | ) ) ) ) | |
| Defendants. | ) ) | |

    Plaintiff, American Family Life Assurance Company of Columbus ("AFLAC"), complaining of the Defendants, would respectfully show the Court:

## GENERAL ALLEGATIONS

    1.    Plaintiff AFLAC is a corporation organized and existing pursuant to the laws of the State of Georgia, with its principal place of business in the State of Georgia, and is licensed to sell accident insurance in the State of South Carolina.

    2.    Upon information and belief, Defendant Charles Perry, IV, is a resident and citizen of the State of South Carolina and is the brother of the decedent, David R. Perry ("Decedent").

    3.    Upon information and belief, Defendant Gregory Saphier was appointed as a Special Administrator To The Estate of David R. Perry by the Charleston County Probate Court, and is a resident and citizen of the State of Florida.

1

4. This interpleader action arises out of multiple claims for death benefits under an accident insurance policy issued by Plaintiff AFLAC to David R. Perry, Policy No. P4014082 (the "Policy"). True and correct copy of the Policy is attached hereto as Exhibit 1.

5. Plaintiff AFLAC is in custody and/or possession of accident insurance benefits valued at greater than Five Hundred and 00/100 ($500.00) Dollars. Two or more adverse claimants of diverse citizenship are claiming to be entitled to these accident insurance benefits and Plaintiff seeks to deposit such money into the registry of this Court. Therefore, jurisdiction and venue are proper before this Court pursuant to 28 U.S.C. § 1335.

6. On or about October 28, 2016, Decedent elected conversion coverage under the subject Policy and was covered for $50,000.00 when he died on December 18, 2024.

7. On or about October 28, 2016, Decedent designated his brother Defendant Charles Perry, IV as his sole beneficiary under the subject Policy. A true and correct copy of the Application which identifies the named beneficiary is attached hereto as Exhibit 2.

8. On December 18, 2024, Decedent died as a result of suspected homicide.

9. AFLAC has been informed that on or about December 19, 2024, Defendant Charles Perry, IV was arrested and charged with the murder of Decedent and possession of a weapon during a violent crime. True and correct copies of the police reports and the arrest warrants are attached hereto as Exhibits 3 and 4 respectively.

10. On or about February 10, 2025, Defendant Gregory Saphier in his capacity as Special Administrator of the Estate of Decedent, submitted a claim for death benefits under the Policy. True and accurate copies of Defendant Gregory Saphier claim forms are attached collectively hereto as Exhibit 5.

11. By reason of the charges against Charles Perry, IV, the claim of Defendant Gregory Saphier and S.C. Code Ann. § 62-2-803, Plaintiff AFLAC is or may be exposed to multiple liability. Plaintiff AFLAC admits that it owes and is ready and willing to pay the Policy benefits in the amount of $50,000.00 plus applicable interest, if any, in accordance with the terms of the Policy in such amounts and to whichever Defendant(s) the Court shall designate.

12. Plaintiff AFLAC is a mere stakeholder and has no interest in this litigation or its outcome and respectfully requests that the Court determine to whom and in what amounts the policy benefits should be paid.

13. Plaintiff seeks to deposit with the Court the Policy proceeds in the amount of Fifty Thousand and no/100 ($50,000.00) Dollars, plus interest representing the full amount of benefits due under the Policy, and, thereby, entitling Plaintiff to a full discharge from any and all liability under the Policy.

Wherefore, Plaintiff AFLAC prays for judgment against Defendants as follows:

a) That each Defendant be restrained from instituting an action against Plaintiff for the recovery of amounts due under the Policy or any part thereof;

b) That the Court allow AFLAC to pay the amount due under the Policy into the Court and that this Court enter an Order discharging Plaintiff from any further liability thereof;

c) That the Court declare the rights and other legal relations of the Defendants in this action and that the Court determine and declare which of the Defendants is entitled to the subject proceeds;

d) That Plaintiff be dismissed from this action with prejudice once it deposits the Policy proceeds; and

e)    That the Court grant such other and further relief as may be just and proper.

s/ Theodore D. Willard, Jr.
Theodore D. Willard, Jr.
Federal I.D. No. 5136
**MONTGOMERY WILLARD, LLC**
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29211-1886
Telephone: (803) 779-3500
Email: tdw@montgomerywillard.com

ATTORNEYS FOR THE PLAINTIFF
AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS

June 25, 2025
Columbia, South Carolina